NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 4, 2011[*]
Decided March 15, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*
DIANE P. WOOD, *Circuit Judge*
JOHN DANIEL TINDER, *Circuit Judge*

No. 09-8019

| | |
|---|---|
| IN RE: | Petition for Permission to Appeal from the |
|    LOCKHEED MARTIN | Southern District of Illinois. |
|    CORPORATION, *et al.*, | |
|    *Defendants-Petitioners*, | No. 06-C-701-MJR |
| | |
| | Michael J. Reagan, *Judge*. |

No. 09-8022

| | |
|---|---|
| IN RE: | Petition for Permission to Appeal from the |
|    ANTHONY ABBOTT, *et al.*, | Southern District of Illinois. |
|    *Plaintiffs-Cross-Petitioners*, | |
| | No. 06-C-701-MJR |
| | |
| | Michael J. Reagan, *Judge*. |

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petitions are submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

**O R D E R**

Anthony Abbott, Eric Fankhauser, Lloyd DeMartini, Jack Jordan, and Dennis Tombaugh (the "plaintiffs") all participated in retirement plans offered by Lockheed Martin Corporation and Lockheed Martin Investment Management Company ("Lockheed"). The plaintiffs sued Lockheed on behalf of themselves and a purported class of plan participants, alleging that they were entitled to relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, for breaches of fiduciary duty committed by Lockheed. The district court granted partial summary judgment for Lockheed, leaving for trial three of the plaintiffs' fiduciary breach theories. A short time later, the court concluded that only two of the plaintiffs' three remaining theories were appropriate for class treatment. It certified two plaintiff classes under Federal Rule of Civil Procedure 23(b)(1) – one representing those who had participated in Lockheed's Salaried Savings Plan, and the other composed of people who had been part of Lockheed's Hourly Savings Plan. Each class advanced both of the fiduciary breach theories that the district court had deemed proper for class treatment. The district court denied the plaintiffs' request for class certification with respect to the third of its theories that had survived summary judgment.

Invoking Federal Rule of Civil Procedure 23(f), Lockheed asks this court to accept an appeal from the district court's decision granting class certification, and the plaintiffs similarly cross-petition for review of the decision to deny class treatment as far as their third theory of fiduciary breach was concerned. We suspended proceedings on both petitions until we had resolved the cases consolidated as *Spano, et al. v. The Boeing Co., et al.v,* Nos. 09-3001 & 09-3018, 2011 WL 183974 (7th Cir. Jan. 21, 2011), and *Howell v. Motorola, Inc, et al.,* Nos. 07-3837 & 09-2796, 2011 WL 183966 (7th Cir. Jan. 21, 2011). With those decisions now issued, we can turn to the parties' pending petitions.

Because the district court's class certification determinations in this case raise issues substantially similar to those resolved in *Spano* and *Howell,* we conclude that additional proceedings in the district court are necessary on the question of class certification. We therefore GRANT the defendants' petition, VACATE the district court's class certification order, and REMAND for further proceedings. The plaintiffs' cross-petition is DENIED. On remand, both sides will have the opportunity to present additional arguments on issues related to class certification in light of our decisions in *Spano* and *Howell,* and the district court should resolve any dispute in a manner consistent with those cases.